# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No 21-0970V

| | |
|---|---|
| M.F.,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br><br>Filed: March 7, 2024 |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Zoe Wade, U.S. Department of Justice, Washington, DC,* for Respondent.

### ORDER GRANTING MOTION TO REDACT[1]

  On February 22, 2021, M.F. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged suffering a left shoulder injury related to vaccine administration following receipt of a pneumococcal conjugate vaccine on June 12, 2020. The case was assigned to the Office of Special Masters' Special Processing Unit.

  On February 15, 2024, I issued a Decision Awarding Damages (ECF No. 44). On February 26, 2024, Petitioner filed a timely motion seeking redaction. Motion (ECF No. 46); *see also* Ex. 18 – Petitioner's Sworn Statement (ECF No. 45). **For the foregoing reasons, Petitioner's Motion for Redaction (ECF No. 47) is granted.**

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). To the extent that Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

### I.     Petitioner's Motion for Redaction

Petitioner seeks redaction specifically because the Decision Awarding Damages also discloses the diagnosis of an unrelated medical condition. Motion at 3. Petitioner would prefer to avoid disclosing its existence to family and friends, to prevent them from potentially suffering anguish and emotional turmoil. *Id.* Petitioner also avers that this condition, which is an autoimmune condition, could be mistakenly associated with certain negative behavior on her part – which could impact her social and professional standing. *Id.*; *see also* Ex. 18 – Petitioner's Third Sworn Statement.

Petitioner thus respectfully requests redaction of Petitioner's full name to be replaced by initials. Motion at 1. Petitioner argues that granting the requested relief is "minimal [and…] will have a nominal, if any, impact on the public's ability to understand" the substantive outcome in the case." *Id.* at 3. Alternatively, Petitioner proposes the redaction of certain information from the Decision Awarding Damages. *Id.* at 3 – 4.

Respondent has not taken a position regarding the request for redaction. Response filed Feb. 27, 2024 (ECF No. 47). Petitioner maintains that the matter is ripe for adjudication. Reply filed Feb. 28, 2024 (ECF No. 48).

### II.    Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish

a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

The Court of Federal Claims recently confirmed: "Each request for redaction must be made by applying the specifics in the case in which the redaction request is made, and… provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate [or appropriate]." *K.N. v. Sec'y of Health & Hum. Servs.*, No. 17-0722V, 2023 WL 6295167 Fed. Cl. 142, 156 (Fed. Cl. 2023).

### III. Analysis

Under the correct standard, a petitioner's *general* concern for privacy, shared by many vaccine case petitioners, is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed.

Cl. at 461. But in this case Petitioner has made a sufficient showing. She accurately observes that the unrelated diagnosis helped to explain the conservative treatment course for the vaccine injury. In addition, rather than seeking full redaction of information related to that diagnosis (which would then shroud a fact relevant to how this claim was decided), she requests the less-intrusive relief of redaction of her name, to be replaced with initials. I therefore find the motion well-taken.

## Conclusion

For the reasons set forth above, **Petitioner's Motion (ECF No. 46) is GRANTED. The Clerk of this Court is hereby instructed to amend the case caption to what is reflected herein.**

**A redacted version of the Decision Awarding Damages shall be entered onto the docket for public accessibility.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
